## KENEVAL v. STATE.

### (*Knoxville.*    October 19, 1901.)

1. BIGAMY.   *Unlawful cohabitation separate offense.*

   Cohabitation in this State with the wife of a bigamous marriage
   had in another State is not bigamy, but is declared a distinct
   felony by statute.   (*Post, p. 582.*)

   Code construed: § 6760 (S.); § 5649 (M. & V.); § 4839 (T. & S.).

   Case cited: Finney v. State, 3 Head, 545.

2. SAME.   *Same.*

   Cohabitation in this State with the wife of an alleged bigamous
   marriage had in another State does not constitute a felony
   within our statute where it appears that the alleged first
   marriage, which was supposed to render the later marriage
   bigamous, was itself illegal, bigamous, and void.  (*Post, pp. 582-
   584.*)

   Code construed: § 6760 (S.); § 5649 (M. & V.); § 4839 (T. & S.).

   Case cited: Bashaw v. State, 1 Yer., 186.

3. INDICTMENT.   *For bigamous cohabitation in this State.*

   While an indictment for bigamous cohabitation in this State,
   under color of an illegal marriage had in another State, is,
   perhaps, sufficient, without averring the name of the first wife,
   or date or place of the first marriage, still, if these facts are
   specifically averred, they must be proved as averred and can-
   not be rejected as surplusage.   (*Post, pp., 584, 585.*)

4. CRIMINAL PRACTICE.   *Not guilty.*

   It is not error to strike out defendant's special plea in a criminal
   case if he can have, and especially if he has actually had, the
   benefit of the same matter of defense under this general plea
   of not guilty.   (*Post, pp., 583, 584.*)

5. SAME.   *Admission of evidence.*

   Relevant facts proved on behalf of defendant by an incompetent
   witness, or by informal deposition or by secondary evidence,

Keneval *v.* State.

with the consent of the Attorney-general, or admitted without objection on his part, cannot be objected to by the State and excluded in this Court. (*Post pp.* 585–587.)

FROM KNOX.

Appeal in error from Circuit Court of Knox County. Jos. W. SNEED, J.

TEMPLETON & CARLOCK for Keneval.

Attorney-géneral PICKLE for State.

WILKES, J. The defendant is convicted under the statute, Shannon, Sec. 6760, of the particular form of bigamy which consists of cohabiting with a second wife in this State, the defendant having been married the second time in another State. This is an offense distinct from bigamy proper under the statute. *Finney* v. *State*, 3 Head, 545. His punishment was assessed by the jury. at eight years in the State penitentiary, and he has appealed.

Several objections are made to the proceedings, and are assigned as errors. We need notice only one. The indictment alleges that the defendant was married to Clementine Hacker on February 11, 1899, and the marriage was still subsisting on January 3, 1900, when he was married for the second time to Annie Meade Holmes, in Kentucky, and that he

lived, dwelt, and cohabited with Annie Meade Holmes
as his wife in Knox County from the date of his
marriage to her until indictment found; the defend-
ant well knowing that Clementine Hacker was then
alive and had not been divorced from him.    The
defendant filed a special plea that the alleged mar-
riage with Clementine Hacker was void and a nul-
lity, because he was, when married to her, already
a married man, having been married to one Bessie
Heiner in 1892, in Chicago, Illinois, and the mar-
riage to the latter was still subsisting at the date
of the marriage to Clementine Hacker.    This special
plea was demurred to, and a motion was made to
strike it out, which was sustained upon the ground
that the matter set up in the special plea might be
given in evidence under the general issue of "not
guilty."

The Court did not in his charge allude to the
matter set up in this plea, and afterwards relied on
under the general issue.    After his charge was de-
livered he was requested to say to the jury, "Be-
fore the defendant can be convicted under the in-
dictment in this case, the proof must show beyond
a reasonable doubt that the prior marriage to Clem-
entine Hacker set out in the indictment was a valid,
legal marriage.    If the proof raised a reasonable
doubt on that point, or if the jury believe from the
proof that said alleged marriage to Clementine Hacker
was void, then it will be the duty of the jury to
return a verdict of "not guilty" under this indict-

ment." And again, "If the deposition of marriage to Bessie Heiner in 1892 shows that she is still living and wife of defendant, that would make any subsequent marriage void." These requests were refused. We think there was no error in striking out the special plea setting up this defense, as it is one proper to be made under the general issue of not guilty. In any event, the defendant had the benefit of the defense as fully as if the plea had been sustained, and if there was error it was harmless.

We are of opinion the special charges and instructions asked should have been granted and given. If defendant was already lawfully married when he entered into the marriage relation with Clementine Hacker, then the marriage to her was bigamous, illegal, and void. It was perhaps not necessary in the indictment to set out the name of the former wife and the time and place of marriage to her. Upon this proposition the authorities are divided. 3 Enc. Pl. & Pr., 325, 326. But if the name of the former wife and time and place of marriage are set out in the indictment, the proof must correspond with the charge made, as in other cases. 3 Enc. Pl. & Pr., 327.

The indictment in this case being based upon a prior legal marriage of defendant with Clementine Hacker, such marriage must be a legal one, and if it is shown that it is not legal, an indictment and conviction based upon it cannot be sustained. *Ba-*

*shaw* v. *State*, 1 Yer., 186, 187; *Kopke* v. *The People*, 43 Mich., 41.

If the marriage to Clementine Hacker was itself bigamous, the defendant may be convicted of that under proper indictment so alleging, but cannot be under this indictment, which charges the contrary, to wit: a valid marriage to Clementine Hacker.

There can be no conviction for bigamy under an indictment alleging that defendant married H., and that thereafter, while she was his wife, he married C., when it appears that at the time of his marriage to H. he had a wife living and not divorced, such marriage being void. *People* v. *Corbett*, 63 N. Y. State, 460.

Bigamy cannot be predicated of a second marriage when the first marriage alleged is void. *Riggs* v. *State*, 55 Ala., 108.

It is virtually conceded by the State that these are correct propositions of law, but it is said there is no competent evidence to prove that the marriage to Bessie Heiner, in Chicago, previous to the marriage to Clementine Hacker, was a legal and valid one. The deposition of Bessie Heiner, the alleged legitimate and lawful wife, was taken, and read without objection to the whole or any part of it. She states that she was married to the defendant February 25, 1892, at the Presbyterian rectory in Chicago, Ill. She was asked to file with her deposition a full and true copy of her certificate of marriage, if she had one or could procure one.

She answered: "In lieu of such a copy, *I state, by consent*, that such a marriage certificate does exist, and has on it proper and legal return, showing my marriage to J. W. Keneval, this defendant, in February, 1892, the certificate being a license under the laws of Illinois, and the return of Thomas C. Hall, a minister of the gospel;" that she afterwards lived with him as his wife and was still his wife.

Annexed to this deposition, which does not appear to be signed or sworn to, and to which no certificate of the officer taking it appears there is this statement, "No objection will be made at the trial to answer No. 4 as to competency or relevancy," and this is signed by the District Attorney-general and attorneys for the defendant. This is put into the record by bill of exceptions as the evidence and only evidence of defendant, and as before stated, was not objected to on any ground whatever. Interrogatory No. 4 and the answer thereto embodied the statement heretofore set out that, instead of filing a true copy of the witnesses' certificate of marriage, *she stated by consent* that such certificate existed, and had on it proper and legal return, showing her marriage to defendant, etc. It thus appears that this evidence was admitted without objection to part, if not all of it, by the consent of the District Attorney-general, and was read and relied on by defendant in the Court below, and he cannot now be prejudiced by its withdrawal for incompetency. We are of opinion that the illegality of the marriage of

Keneval *v.* State.

defendant to Clementine Hacker is sufficiently shown under the peculiar record in this case, and this being so, the subsequent marriage to Annie Meade Holmes is not bigamous, and the charge in this indictment is not, therefore, sustained.

The judgment of the Court below is reversed and cause remanded for a new trial.