SALLIE BAKER, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed March 20, 1920.

Under an indictment for violation of Section 3528 of the General
Statutes, 1906, for knowingly marrying the husband of an-
other, where the evidence shows that defendant knew the man
whom she was about to marry had a living wife from whom
he claimed to have been divorced, and she was advised not
to marry him because he had not been divorced from his first
wife, it was sufficient to put the defendant on notice and re-
quire her to make inquiry from the proper source to ascertain
the truth or falsity of the report that the man whom she
was about to marry had obtained a divorce.

A writ of error to the Circuit Court for Jackson County,
C. L. Wilson, Judge.

Judgment affirmed.

*W. W. Bruce*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart
Gillis*, Assistant, for the State.

BROWNE, C. J.—The plaintiff in error was convicted in
the Circuit Cout of Jackson County for violation of Sec-
tion 3528, General Statutes of Florida, 1906, in knowing-
ly marrying the husband of another.

The only assignment of error is based on the denying
of the defendant's motion for a new trial, which was
on the grounds that the verdict was against the weight
of the evidence and against the law, and on the refusal
of the court to give defendant's special charge number
one.

The defendant admitted that she knew that the man she married had previously been married to another woman, but sought to escape the consequences of her act by the testimony of several witnesses to the effect that they told her that the former wife had obtained a divorce from her husband.

The State proved that there had been no divorce between the former wife and the man whom the defendant married. It also proved by a witness, Tarver, that two or three weeks before the defendant married, he had advised her not to marry the man because he had not been divorced from his first wife. He said he told her in the presence of her mother that they all knew it.

Justice of the Peace Leaper testified that the defendant and man whom she married came to his house and asked him to marry them; that he asked them if they had ever been married and the man told him he had; he then asked him where was his wife and was told by the man that she was down at Chipley, and that he then refused to marry them.

We think the testimony was sufficient to put the defendant on notice and require her to make inquiry from the proper source to ascertain the truth or falsity of the report that the man whom she was about to marry had obtained a divorce.

The jury had all the facts before them and there was sufficient testimony to warrant the conviction.

The special charge number one was substantially covered by the court in the general charge, and there was no error in refusing to give it.

The judgment is affirmed.

All concur.