OVERTON, J.
 

 The district attorney filed a bill of information against defendant charging him with having willfully and feloniously married one Jeannette Rosalie Klemmer while he was legally married to Ellen Victorine Hawkins. Defendant prosecutes this appeal from a conviction and sentence on this charge.
 

 The first bill of exception recites that Mrs. Ellen Hawkins Sparaeino, the first wife of defendant, after having been sworn as a witness for the state, testified- on direct examination that she met her husband on the night of February 3, 1927; that she drove off with him in an automobile, and while they were riding together had a private conversation with him. After defendant’s first wife had testified to the foregoing, she was asked by the district attorney to state what the conversation was. The question seeking to elicit
 
 *707
 
 the conversation wás objected to by defendant on the ground that private conversations between husband and wife are inadmissible. The objection was overruled, and defendant excepted to the ruling.
 

 Act 157 of 1916 defines a competent witness in civil or criminal proceedings to be a person of proper understanding, but provides, among other things, that neither husband nor wife shall be compelled to be a witness in any criminal proceeding against the other, and also provides, to quote from the act, that “private conversations between husband and wife shall be privileged.”
 

 One of the contentions of the state is that the ruling of the trial judge should not be disturbed, because the bill does not dis- - close that the conversation Was a private one, and therefore privileged under the statute. The bill was signed by the judge without comment. It shows that the witness met her husband, the accused herein, on the night of February 3, 1927, and that he and she drove off together, and while thus driving had the conversation in question, which the bill terms a “private one,” and which it recites .was detrimental and prejudicial to the accused. The bill does not disclose that a third .person was present when the conversation was had. The entire context of the bill indicates that the conversation occurred when . the husband and wife were out driving alone. Moreover, the bill describes the conversation as a private one between husband and ■•wife, and since the judge has signed the bill without comment, his having done so is equivalent to a certificate from him that the conversation was a private,one. In these circumstances, although the bill does not show the conversation elicited, we have no seri,ous hesitancy in holding that it sufficiently discloses that the conversation was a pri- . vate one.
 

 The state, however, suggests, rather than urges, that in a prosecution for bigamy private conversations between the accused and his first wife should be held, under the statute, to be admissible in evidence, in order to protect the wife against the outrage of a second marriage by the husband. While there may be strong reasons to hold that the statute contemplates that an exception shall be made in favor of the admission of such conversations in cases against one of the spouses involving personal injury to the other, still in cases, involving no such injury, such as bigamy cases, there is no necessity to make such an exception, and, since the statute makes none and contemplates none in such cases, we would not be justified in holding that such an exception exists.
 

 Another contention of the state, with reference to the foregoing bill, is that the bill does not disclose the'answer of the witness to the question objected to, and hence the court is not in position to say whether the answer was injurious to the accused. Ordinarily, when an objection to a question propounded to a witness is overruled, the bill should disclose the answer of the witness to the question propounded, and the failure of the bill to do so is ordinarily fatal to it. In this instance, however, only two purposes could be served by the disclosure of the answer, which was the conversation itself. One of these is the tendency which the conversation would have within itself to show whether it was private. This fact, that is, that the conversation was a private one, we have held the bill otherwise sufficiently shows. The other purpose would be to show whether the admission of the conversation in evidence was injurious to the accused. As to this, the bill recites that the evidence, that is, that the conversation elicited, was detrimental to the accused. We think that, in the absence of anything to the contrary from the trial judge, this is a sufficient showing of injury. Entertaining the foregoing views, we feel that
 
 *709
 
 we should' hold that the conversation was inadmissible and injurious to the accused.
 

 During the progress of the trial defendant attempted to establish by himself, while a witness on the stand, and by another witness that, when he married the second time, he did so in the honest belief that his first wife had obtained a divorce from him and had remarried. Thus, as appears from bill No. 5, defendant, while a witness in his own behalf, testified that when he married the second time he had reason to believe that his first wife had obtained a divorce, but when asked upon what he based that belief, the evidence sought to be elicited, on objection urged by the state, -was excluded. He was also asked by his counsel, as appears from other bills, specific questions having a tendency to establish the particular facts upon which he based his belief, and also attempted to show by another witness, named Smith, that defendant was informed in the witness’ presence that his wife had obtained a divorce from him. All this evidence was ruled out by the court, on objections urged by the state, upon the grounds that it Was irrelevant, or that it merely tended to show the opinion or belief of the witness, or that the evidence was hearsay and self-serving.
 

 The most serious of the objections presented is whether the evidence was relevant. Its relevancy depends, we think, upon whether an honest belief, based upon reasonable grounds, that the first marriage had been dissolved by a valid divorce when the second was contracted, although, in fact, it had not been dissolved, is a valid defense.
 

 Section 800 of the Revised Statutes, relative to the crime of bigamy, reads as follows:
 

 “If any married person shall marry, the former husband or wife being alive, the one so offending shall, on conviction, pay a fine not exceeding five hundred dollars, and be imprisoned not exceeding two years.
 

 “The provisions of this section shall not extend to any person whose husband or wife shall absent himself or herself from the other, for the space of five years, the one not knowing the other to be living within that time; ñor to any person who shall be at the time of such marriage divorced by competent authority, nor to any person whose former marriage by sentence of competent authority, shall have been declared void.”
 

 The first paragraph of the foregoing section is, in effect, amended, as held in State v. Cain, 106 La. 708, 31 So. 300, by Act No. 93 of 1898, so as to make the crime of bigamy punishable by imprisonment at hard labor. The act reads, omitting the repealing clause which repeals all laws in conflict with it, as follows:
 

 “That any person who shall be convicted of the crime of bigamy in this state shall be imprisoned at hard labor in the state penitentiary for a period of not more than five years nor less than one year.”
 

 The only effect of the Act of 1898 is to substitute the penalty, there provided, for the penalty provided in section 800 of the Revised Statutes. The remainder of that section, including the proviso contained in its second paragraph,. therefore remains in full force. State v. Cain, supra.
 

 Under statutes apparently of similar import to ours, the courts of last resort in other states that have had occasion to consider the question here presented are not in accord as to whether an honest belief on the part of the accused, based upon reasonable grounds, that his first marriage had been dissolved by a legal divorce, when the second marriage was contracted, is a valid defense. In fact, the greater number of them hold that it is not. Thus in 7 C. J. § 22, p. 1165, it is said:
 

 “In a number of jurisdictions it is held that an honest belief, reasonably entertained, that a valid divorce has been granted will constitute a defense to a prosecution for bigamy. The weight of authority, however, is to the contrary. The view being taken that (since) a statute has fixed the exceptions, it must be held to exclude other exceptions not named.”
 

 
 *711
 
 The reason for the rule holding that such a defense is a valid one, as appears from a footnote in the same work, which quotes Baker v. State, 86 Neb. 775, 783, 126 N. W. 300, 303, 27 L. R. A. (N. S.) 1097, and which quotes in turn 1 Bishop, Cr. L. 503, is as follows:
 

 “As stated by Mr. Bishop, when a man is misled without his own fault or carelessness concerning facts, and, while so misled, acts as he would be justified in doing were the facts .as he believes them to be, he is legally innocent, the same as he is innocent morally.”
 

 Among the jurisdictions cited in the footnotes in Corpus Juris, as also in an exhaustive annotation to Baker v. State, in 27 L. R. A. (N. S.) 1097, as holding that such a defense is a valid one, is this jurisdiction. The case cited from this state is State v. Cain, 106 La. 708, 31 So. 300. In that ease such a defense was unmistakably recognized as a valid one. The court there said, in passing upon the trial judge’s refusal to give a special charge, and in considering the judge’s charge to the jury, that:
 

 “We think the judge a quo would have been justified in charging that, if the jury found that the defendant, being already married to one woman, had married another, he was chargeable with the intent necessary to constitute the crime of bigamy, and if he claimed to have contracted the second marriage in the honest belief that the first had been dissolved by a decree of divorce, the onus was upon him to establish to their satisfaction (his mental capacity and surroundings considered), that he had reasonable grounds for such belief, and did, in fact, so believe; but that it would not be enough 'for him merely to create a doubt in their minds upon that subject.”
 

 We do not feel justified in overruling this case and bolding that the defense here under consideration is not a legal one. Hence our conclusion is that the defense is a valid one, and that the evidence offered to sustain it is relevant.
 

 As relates to the objection that some of the evidence sought to be elicited was hearsay, in our view, the objection is not well founded. This objection seems to be leveled against defendant’s testifying to the information which he claims was given him by others to the effect that his Wife was divorced. This information is what defendant contends caused the belief upon which he acted. Such evidence is considered primary, and not amenable to the objection of hearsay, when offered to show the reasonableness of the belief of the accused and the grounds therefor. Defendant, it máy be observed, in answering another objection made by the state, was as competent to testify to what was told him as the person who gave the information. Moreover, a person present when the information was given, as was the witness Smith, was as competent to testify to it as was the person who gave the information. Our conclusion is that none of the objections urged by the state to the foregoing evidence is well founded, and that the evidence offered should therefore have been received.
 

 Before closing, it may be said that defendant filed a motion in arrest of judgment, based upon the ground that Jeannette ■Klemmer with whom he contracted the alleged bigamous marriage was herself legally incapable of marrying, and therefore that he was not guilty of bigamy in marrying her. E’rom no standpoint does the motion possess any merit. In fact, it would be sufficient to point out that it is not even based on a defect patent on the face of the record.
 

 For the reasons assigned, the verdict and the sentence of the jury are annulled and set aside, and this ease is remanded to the lower court to be proceeded with in accordance with the views herein expressed.