H. C. ADAMS v. THE STATE.

No. 11394.   Delivered May 23, 1928.

The opinion states the case.

*Mays & Mays, O. Ellis* and *Black & Graves* of Amarillo for appellant. On mistake of fact, appellant cites: Chapman v. State, 77 Tex. Crim. Rep. 591, Coy v. State, 75 Tex. Crim. Rep. 85, Adams v. State, 252 S. W. 537, Pruett v. State, 98 Tex. Crim. Rep. 325 and Busby v. State, 89 Tex. Crim. Rep. 213.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is bigamy, the punishment confinement in the penitentiary for two years.

Appellant testified that at the time of the second marriage he believed the former marriage had been dissolved by a decree of divorce, and that he based his belief on the fact that prior to his second marriage he had received letters from his wife and brother in which the statement was made that his first wife had secured a divorce. Appellant's first wife testified in the first instance, without objection, that she had written no letter containing a statement that she had secured a divorce. She later testified that she had advised appellant by letter prior to his second marriage that she had secured a divorce from him. The State bitterly assailed the second statement of the witness and endeavored to show that she had been influenced by appellant to change her testimony. Appellant's brother, although duly summoned as a witness, was ill and unable to attend court, as shown by the certificate of his physician. After receiving the letters to which reference has been made, appellant did not make any further inquiry in an effort to ascertain the truth of the matters detailed to him by his wife and brother. He claimed that he had no right to doubt the correctness of the information and that he had the right to rely upon such information.

In submitting appellant's defense, namely, mistake of fact, the court required the jury to find before they could acquit appellant that, after receiving information from his wife and brother that his

wife had secured a divorce from him, he "exercised proper care to ascertain whether the said Anita Adams had in fact been granted a legal divorce from him." Appellant timely and pointedly called the court's attention by written exception to the particulars in which this instruction placed a greater burden on him than was authorized by law. Under the facts of the case at bar, the exception was well taken. A mistake of fact must not arise from a want of proper care on the part of the accused. Article 41 P. C. The question of proper care depends upon the facts of each particular case. In the instant case, it was material to determine whether, at the time appellant contracted the bigamous marriage, he entertained the mistaken belief that his first wife had secured a divorce from him, and whether he used proper care in acting upon the information he had received. Appellant contended that he had the right to rely upon the information he had received from his wife and brother, and testified that he made no effort to ascertain whether such information was true, inasmuch as he believed that the statements contained in the letters were true. Whether the duty to further investigate arose was a question of fact to be determined by the jury. The court's charge assumed the existence of a duty to make further investigation, and, in effect, advised the jury that they could not acquit appellant unless they found that he had made further investigation after receiving the information upon which he claimed to have relied. The question was whether under the facts of the case the exercise of proper care required appellant to institute further inquiry after receiving the information. In other words, the jury should have been authorized to acquit appellant if, under the facts, they found that he used proper care in accepting the information without investigation. Our conclusion is that the learned trial judge fell into error in requiring appellant to assume a greater burden in establishing his defense than that required by law. Chapman v. State, 77 Tex. Crim. Rep. 591; Coy v. State, 75 Tex. Crim. Rep. 85; Adams v. State, 252 S. W. 537; Pruitt v. State, 98 Tex. Crim. Rep. 325; Busby v. State, 89 Tex. Crim. Rep. 213.

Under the guise of impeaching appellant's first wife, the State introduced in evidence, over appellant's objection, a letter written by said witness to the district attorney, wherein, among other things, it was stated that she had learned that appellant was planning to take her two-year-old child from her and that appellant had wrecked her life. There was no issue as to whether in fact a divorce had been granted. It was appellant's defense that he believed at the time that

he contracted the bigamous marriage that a divorce had been granted and that such belief was based on the fact that his first wife and brother had advised him by letter that she had secured a divorce from him. We are unable to discern in what manner the letter tended to assail the credibility of the witness. Nor do we see how the facts stated in the letter became material or relevant to any issue in the case. The statements contained in the letter concerning appellant were not made in his presence and were mere hearsay accusations against him. It would thus appear that under the guise of impeachment the State advised the jury that appellant had wrecked the life of his former wife and that he had mistreated her and indulged in a course of cruel conduct toward her. It is our conclusion that the letter was hearsay; that the facts contained therein were not relevant and material; and that said letter was plainly not admissible for the purpose of attacking the credibility of the witness. That the erroneous admission of the letter was prejudicial to appellant's rights is obvious.

Other questions presented are not discussed for the reason that they are not likely to arise in the same form on another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.