[Crim. No. 3180.   Second Appellate District, Division Two.—May 11, 1939.]

THE PEOPLE, Respondent, v. LEONARD KELLY, Appellant.

Terrys Olender Gambord for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a judgment of conviction of the crime of bigamy and from an order denying defendant's motion for a new trial.

The defendant was married to Louise J. Sinclair and without obtaining a divorce married Virginia Roszkowski and lived with her as man and wife in the State of California. The defendant's first contention is that the trial court erred in sustaining objections to certain testimony directed to the proposition that defendant had erroneously assumed that he was divorced from the complaining witness prior to the time he contracted the marriage alleged to be bigamous. There is no merit in this contention. A second marriage under an erroneous assumption that the first marriage has been annulled or dissolved is not a defense to a charge of bigamy. (*People* v. *Hartman,* 130 Cal. 487 [62 Pac. 823]; *People* v. *Priestley,* 17 Cal. App. 171, at 177 [118 Pac. 965]; *People* v. *Glab,* 13 Cal. App. (2d) 528, at 535 [57 Pac. (2d) 588].) Although there is a conflict in the decisions in other jurisdictions, the California cases are in line with the greater weight of authority. (10 C. J. S. 367; *State* v. *Hendrickson,* 67 Utah, 15 [245 Pac. 375, 57 A. L. R. 792].)

■ The defendant's next contention is that the court erred in excluding the testimony of the witness George Trotter that he had heard the prosecuting witness tell the defendant that she had divorced the defendant. This evidence was offered for the purpose of showing that the defendant was not married to the prosecuting witness, and for such purpose it was inadmissible and hearsay under *People* v. *Hartman, supra.* (See, also, 8 Cal. Jur. 84.) It was not offered for impeachment. No effort was made by the defendant to lay a foundation of time, place and persons present in order to impeach the prosecuting witness. The point is untenable.

■ The defendant next contends that the court erred in limiting the cross-examination of the witness Roszkowski. In this behalf the defendant sets forth that in an effort to show bias and prejudice on the part of the witness, the witness was asked the following questions: "You don't love the defendant?" "You did not love the defendant when you married him?" "He spent quite a lot of money on you, didn't he?" The answers sought to be elicited would not have shown bias or prejudice on the part of the witness.

■ The defendant next contends that the court erred in restricting cross-examination of the prosecuting witness to exclude contradictory statements made by her in which she stated she had divorced the defendant. This testimony was not offered for the purpose of impeaching the witness, but for the purpose of proving the facts contained in the answers. No foundation of time, place and persons was attempted to be laid. (8 Cal. Jur. 84.) However, a reading of the transcript discloses that defendant finally managed to get into the record without objection all the evidence which he contends was improperly excluded. There is no merit in this contention.

■ The defendant's next contention is that the court erred in granting a continuance during the course of the trial. During the redirect examination of the prosecuting witness she testified that she was uncertain as to whether or not she had ever been divorced from one George Martin. It also appeared that she had not disclosed to anyone connected with the prosecution the fact of her previous marriage to George Martin. As a result of this uncertainty the prosecution requested a continuance and one was granted for a few days,

during which time a duly exemplified copy of a decree of divorce from George Martin was obtained and was received in evidence, and the trial resumed. No showing is made by the defendant that he was in any manner prejudiced by this continuance.

The defendant's next contention is that the court erred in refusing to give certain of defendant's requested instructions and in modifying one of the instructions which he did give. Defendant does not take the trouble to set out these instructions in his brief, and it is not necessary for us to comment upon them in detail. They cover largely the same questions which have heretofore been discussed and found to be without merit. In our view there is no reversible error in the instructions of the court.

Finally, the defendant contends that the court erred in refusing to grant a motion for a new trial on the ground of newly discovered evidence. As a basis for his motion for a new trial defendant filed an affidavit wherein, in substance, he recites that his true name is Leonard Kelly; that on the 31st day of March, 1921, he married one Ella Miller in Louisville, Kentucky; that on two occasions he gave Ella Miller money with which to procure a divorce. But the affidavit is silent as to whether Ella Miller ever actually obtained a divorce, but inferentially it appears from the affidavit that he was not divorced from the said Ella Miller at the time of his marriage to the witness Louise Sinclair. He did not inform his counsel of these facts until after the trial was completely over and a verdict of guilty had been returned. The reason for not so informing his counsel of the facts was because of his total ignorance of the materiality thereof. The defendant now contends that this constitutes newly discovered evidence which would change the result of the trial on the ground that if it should appear that the marriage charged in the information as being the first marriage was itself bigamous, there could be no conviction except upon a new prosecution based on the valid marriage. The facts narrated in the affidavit do not constitute new evidence which would entitle the defendant to a new trial. To entitle a party to a new trial on the ground of newly discovered evidence, it must appear that the evidence and not merely its materiality be newly discovered. (*People* v. *Sut-*

*ton,* 73 Cal. 243 [15 Pac. 86] ; *People* v. *Urquidas,* 96 Cal. 239 [31 Pac. 52].)

Judgment and order affirmed.

Wood, J., concurred.

McCOMB, J., Dissenting.—I dissent.

In the present case evidence that defendant in good faith believed at the time of his second marriage that prior thereto he had been divorced from the complaining witness was excluded. This in my view of the law was prejudicial error.

In my opinion the earlier rule announced in *People* v. *Hartman,* (1900) 130 Cal. 487 [62 Pac. 823], has been overruled *In the Matter of Application of Ahart,* (1916) 172 Cal. 762, 764 [159 Pac. 160]. The case of *People* v. *Hartman* announced the rule that a second marriage under an erroneous assumption that the first marriage had been annulled or dissolved was not a defense to a charge of bigamy. This barbaric holding was in line with earlier cases inflicting the death penalty for grand larceny (*People* v. *Tanner,* (1852) 2 Cal. 257), and ignores entirely the provisions of section 20 of the Penal Code, which reads as follows:

"**To constitute crime there must be unity of act and intent.** In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence."

Clearly, if defendant in good faith believed that a valid divorce had been obtained from his first wife prior to his second marriage there could not exist a union of act and *intent,* as required to constitute a crime by the provisions of section 20 of the Penal Code, *supra.*

*In the Matter of the Application of Ahart, supra,* Mr. Justice Henshaw, speaking for our Supreme Court, says at page 764:

"The case comes quite clearly within the reasoning and principle of the English case of *Regina* v. *Tolson,* L. R. 23 Q. B. Div. 168 (1889), s. c., 40 Alb. L. J. 250, which case itself receives detailed consideration in 2 Lewis' Sutherland's Statutory Construction, section 527. The case was a criminal charge against a woman for a bigamous marriage. It had been held that one who marries a second time under an honest but an erroneous belief that a decree of divorce

which had been granted was valid is afforded no protection by the invalid decree, and that evidence of his good faith will be excluded. (2 Wharton on Criminal Evidence, 8th ed., sec. 1695a.) But in the later Tolson case the woman had married five years instead of seven years after her husband's desertion of her, under the belief held in good faith that her husband was dead. The proposition considered was whether honest belief and good faith constituted a defense. It was conceded that the prisoner 'falls within the very words of the statute'. (Cave, J., said: 'At common law an honest and reasonable belief in the existence of circumstances, which, if true, would make the act for which the person is indicted an innocent act, has always been held to be a good defense. . . . So far as I am aware it has never been suggested that these exceptions do not equally apply to the case of statutory offenses unless they are excluded expressly or by necessary implication.' "

It would seem from a reading of the foregoing language that our Supreme Court recognizes now that an honest belief in good faith that a prior marriage has been dissolved constitutes a defense to a charge of bigamy. This rule appears to be in accord with the modern enlightened view of criminal jurisprudence, which looks to the substance rather than to the form and seeks not to punish the innocent, and is well expressed by Mr. Justice Sedgwick of the Supreme Court of Nebraska, in *Baker* v. *State*, 86 Neb. 775 [126 N. W. 300, 303, 27 L. R. A. (N. S.) 1097], thus:

" . . . But, as stated by Mr. Bishop, when a man is misled without his own fault or carelessness concerning facts, and while so misled, acts as he would be justified in doing were the facts as he believes them to be, he is legally innocent, the same as he is innocent morally. 1 Bishop's Criminal Law, 503.

"The defendant should have been allowed to make such proof if he could, and, upon evidence tending to show such a condition, the question as to his information and good faith—that is, as to the sufficiency of his ground of belief—and whether in fact he did believe that the obligations of his former marriage had been removed by a legal divorce, should be submitted to the jury with proper instructions."

The rule just announced is recognized in the following cases: *Squire* v. *State,* 46 Ind. 459, *State* v. *Sparacino,* 164 La. 704 [114 So. 601], *Adams* v. *State,* 110 Tex. Crim. R. 20 [7 S. W. (2d) 528], *Pruett* v. *State,* 98 Tex. Crim. R. 325 [265 S. W. 575], *Adams* v. *State,* 94 Tex. Crim. R. 542 [252 S. W. 537], *State* v. *Cain,* 106 La. 708 [31 So. 300], *Chapman* v. *State,* 77 Tex. Crim. R. 591 [179 S. W. 570], *White* v. *State,* 157 Tenn. 446 [9 S. W. (2d) 702], *Brown* v. *State,* 115 Tex. Crim. R. 581 [28 S. W. (2d) 143], *Geisselman* v. *Geisselman,* 134 Md. 453 [107 Atl. 185], and *Baker* v. *State,* 79 Fla. 365 [84 So. 99].

For the foregoing reasons in my opinion the judgment should be reversed and a new trial ordered.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1939. Langdon, J., and Houser, J., voted for a hearing.