[Crim. No. 1894. Third Dist. Apr. 7, 1945.]

THE PEOPLE, Respondent, v. ROY LEE ENGLISH, Appellant.

Manwell & Manwell for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant was convicted of robbery of the second degree, and his motion for a new trial was denied. He has appealed contending that the trial court erred in allowing certain questions to be asked of him on cross-examination, and in denying his motion for a new trial.

On direct examination English testified that he had been in the army and honorably discharged. On his cross-examination the following questions were asked and answers given:

"THE DISTRICT ATTORNEY: You say you were discharged from the army? A. Yes sir.

Q. What kind of a discharge did you have?

A. Just honorably discharged.

Q. What is the letter marking on it?

MR. MANWELL: Object on the ground it is incompetent, irrelevant and immaterial. . . .

The Court: I will permit it.

The District Attorney: Do you know the classification?

The Witness: One C.

Q. The classification of your discharge? A. Section 8.

Q. That's all. Mr. Manwell, will you stipulate section eight discharge is a mental discharge.

Mr. Manwell: I won't stipulate to anything of the kind. I don't know.''

Subsequently the prosecution called a witness who was asked to explain the meaning of a section 8 discharge, but upon objection by appellant the witness was not permitted to answer. While no testimony was presented on this subject the report of the probation officer presented to the court on motion for probation shows that defendant's discharge under section 8 was for ''Inaptness or undesirable traits,'' the discharge further providing that reenlistment or reinduction could only be accomplished by permission of the Adjutant General.

Appellant here contends that by the foregoing examination the district attorney was permitted to ''assassinate'' and ''cast a slur'' upon appellant's military record; that he insinuated that the discharge was a dishonorable one, and that prejudicial error has resulted. We do not agree that the information elicited by the questions asked appellant by the district attorney had the effect of assassinating or casting a slur upon appellant's military record or of showing that his discharge was a dishonorable one. The most that can be said was that it indicated that he had been discharged for a mental condition that rendered him unsuited for military duty; that he did not have an unqualified ''honorable discharge'' as claimed. Where, as here, defendant relies upon an honorable discharge merely to create a favorable impression upon a jury, we cannot say that it is prejudicial error for the prosecution to show the true nature of his discharge, particularly where no misconduct but only the mental condition of defendant is shown as ground for his discharge.

Appellant's motion for a new trial, the denial of which he now asserts was error, was based upon an affidavit of appellant's counsel which alleged that affiant was informed and believed that defendant suffers from a mental condition of such a nature that when he drinks intoxicating liquors ''his mind becomes affected and he no longer is able to distinguish the difference between right and wrong.'' Affiant further

averred that until the district attorney intimated that the defendant had been discharged from the military service on the ground of a mental condition affiant did not know that defendant suffered from any mental affliction; and that as the evidence showed that defendant had been drinking at the time of the alleged commission of the crime charged, he should be granted a new trial and allowed to enter a plea of not guilty by reason of insanity and to show that at the time of the robbery he was irresponsible. It is contended that this alleged discovery by counsel of defendant's mental condition was made after the trial, and constitutes newly discovered evidence justifying a new trial.

▉ It is conceded by appellant that the granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the discretion of a trial court. This is undoubtedly the law. It is also well settled that such motions are looked upon with disfavor, and that an appellate court will not interfere except upon a clear showing of an abuse of discretion by the trial court. (*People* v. *Mandell,* 48 Cal.App. 2d 806, 818 [120 P.2d 921]; *People* v. *Yeager,* 194 Cal. 452, 491 [229 P. 40]; *People* v. *Paysen,* 123 Cal.App. 396, 401 [11 P.2d 431]; *People* v. *Taminago,* 35 Cal.App. 238, 239 [169 P. 696]; *People* v. *Del Prado,* 49 Cal.App.2d 597, 599 [122 P.2d 76].)

▉ Facts that are within the knowledge of an accused at the time of trial are not newly discovered even though he did not make same known to his counsel until after the trial (*People* v. *Kelly,* 32 Cal.App.2d 624, 627 [90 P.2d 605]; 23 C.J.S. 1228, 1230); and it must appear that evidence and not the materiality of it be newly discovered in order to support a motion for a new trial on that ground (*People* v. *Kelly, supra; People* v. *Urquidas,* 96 Cal. 239, 242 [31 P. 52]; *People* v. *Sutton,* 73 Cal. 243, 247-248 [15 P. 86]). In the latter case the court said:

"To entitle a party to a new trial on the ground of newly discovered evidence, it must appear,—'1. That the evidence, and not merely its materiality, be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on a retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these

facts be shown by the best evidence of which the case admits.'
(1 Hayne on New Trial and Appeal, sec. 88.)''

Appellant produced no affidavits of persons who would testify to the evidence which, in the affidavit of his counsel is urged as newly discovered; and that affidavit merely asserts that affiant ''has been informed and believes, and upon such information alleges'' that when defendant drinks his mind becomes affected and he is no longer able to distinguish the difference between right and wrong. Such averments do not meet the test laid down in the above cited cases, nor show that the effect of intoxicants upon appellant differs from their effect upon others who indulge in their use.

We find no merit in appellant's appeal, and the judgment and order denying a new trial are therefore affirmed.

Peek, J., and Thompson, J., concurred.