MANAHAN *v.* STATE.

(*Knoxville,* September Term, 1948.)

Opinion filed April 30, 1949.

R. L. POPE and J. DAVID POPE, both of Knoxville, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted of unlawful cohabitation and his punishment fixed at not less than two nor more than four years in the State prison.

On October 21, 1934, the defendant was married to Miss Leo McGaugh in Iuka, Mississippi. After living together for some time the parties separated in 1939, but continued to correspond with each other. The first wife of the defendant was living in Houston, Texas. The defendant came to Oak Ridge to work as a carpenter during the pendency of that project and began keeping company with Miss Cecile Sutton. While at Oak Ridge, the defendant claimed to have received two letters from his then wife, Leo McGaugh. The first of these letters was to the effect that after thinking over the situation she thought it was better for her to get a divorce, and was so advising him. This letter was dated May 12, 1944. On June 6 of the same year, the defendant testified that he received another letter from his first wife stating that he was a free man, and she was glad they could still be friends.

About a week after the defendant received this second letter, he married Miss Cecile Sutton. He admitted in his testimony that he was aware of the fact that it took 30 days' publication to obtain a divorce. As a matter of fact, while the record does not show when the suit for divorce was filed by the first wife of the defendant, the decree was not granted until April 27, 1946, or almost two years after the defendant had married Miss Sutton. There is some testimony in the record that when the rumor went around that the defendant had a former wife. he denied ever having been married to Leo McGaugh.

The defense of the defendant is that he honestly and upon reasonable grounds, believed that he had been divorced from his first wife when he married Miss Sutton. This defense is based on section 11181 of Williams' Code, which is as follows: "No person shall be deemed guilty under the preceding section whose husband or wife shall continually remain beyond the limits of the United States, or absent him or herself from the other, without the knowledge of the party remarrying that the other is living, for the space of five years together, or who has good reason to believe such former husband or wife to be dead."

The above-quoted statute makes no exception based on an honest belief that the wife or husband had obtained a divorce. The statute denouncing the offense of unlawful cohabitation does not require that the second marriage shall be contracted knowingly or willfully, and in the absence of such requirements, criminal intent need not exist. *Pappas* v. *State,* 135 Tenn. 499, 188 S. W. 52; *Sloan* v. *State,* 168 Tenn. 573, 79 S. W. (2d) 1021, 97 A. L. R. 1505.

In *Jones* v. *State,* 182 Tenn. 60, 63-64. 184 S. W. (2d) 167, 168, this Court laid down the rule as follows:

"It is insisted, in the first place, that when defendant married Margie Cox March 22nd, 1941, he acted on a good faith belief, reasonably founded, that a divorce had been obtained in Miami, as a result of the proceedings inaugurated in the previous year, as above detailed, and that this defendant's apparent belief was not 'rested on rumor,' or mere unverified 'report,' as in the case of *White* v. *State,* 157 Tenn. 446, 9 S. W. (2d) 702.

"The opinion in that case calls attention to the fact that the trial Judge gave the defendant the benefit of

his 'honest belief' defense, but, while not expressly passing on the question, the opinion cites our five year absence statute, Code, sec. 11181, and also notes that the decided weight of authority in this country enforces the statutory period of separation, despite honest belief. In the *White Case* the Court found no sufficient showing of diligence or of grounds for 'honest belief,' holding that even on this theory the defendant was not entitled to relief.

"While of opinion that the defendant in the instant case presented a much stronger showing of grounds for an honest belief that his first wife had procured a divorce, than did White, we are not prepared to say that the facts demand an application of this rule of 'honest belief', without a showing of compliance with the statutory time period of five years."

So, it is the rule in this State that honest belief that a divorce had been obtained is no defense. It does not lie within our province to make judicial amendments to statutes. This is a matter for the Legislature and not for this Court. The defendant's only recourse is to the Governor, who has the power to extend clemency.

We find no error in the judgment of the lower court and it is affirmed.

All concur.