149 F.Supp. 848 (1957)
William George FORBES, Plaintiff,
v.
Herbert BROWNELL, Jr., Attorney General of the United States, Defendant.
Civ. A. No. 5278-54.
United States District Court District of Columbia.
January 31, 1957.
*849 Jack Wasserman, Washington, D. C., for plaintiff.
Oliver Gasch, U. S. Atty., Washington, D. C., for defendant.
RIZLEY, District Judge.
Plaintiff, a British subject residing in Canada, brings this action seeking an adjudication that a crime, for which he was convicted in Canada, did not involve "moral turpitude" within the meaning of the Immigration and Nationality Act of 1952.[1] In conjunction with the declaration, plaintiff seeks review of an order[2] excluding him from admission into this country by reason of a conviction for crime "involving moral turpitude", which order has been affirmed by the Board of Immigration Appeals.[3] Jurisdiction is founded upon the Declaratory Judgment Act[4] and the Administrative Procedure Act.[5]
Whether the exclusion of the plaintiff, on the grounds relied upon by defendant, was proper depends upon construction of the Canadian statute defining the offense for which he was convicted and ascertainment of whether or not it proscribes conduct "necessarily" involving moral turpitude, within the meaning of that phrase as employed in the pertinent provision of the Immigration Act. Cf. Ablett v. Brownell, D.C. Cir., 240 F.2d 625. The Court is not at liberty to inquire as to whether or not the plaintiff was guilty or innocent of the crime for which he was convicted in Canada. And, the facts leading to the conviction of the plaintiff are not open to judicial evaluation. Ascertainment of the inherent nature of the offense, for which plaintiff stands convicted, is the extent of judicial inquiry permitted in this case.[6]
*850 Plaintiff contends that the Canadian statute defining the offense of bigamy,[7] under which he admits conviction, does not inherently involve moral turpitude. This proposition is grounded upon the fact that conviction may be obtained under the statute irrespective of the existence of any criminal intent, or mens rea, and may, in fact, be predicated upon a bigamous marriage arising from an honest mistake of fact as to the existence or validity of a divorce or annulment.
The defendant contends that the crime of "bigamy", defined by the Canadian statute in question, is in its essential elements the same as the crime known to the courts of this country by the same name. The decision of In re Esson[8] is said to be authority for the proposition that a statute condemning bigamy, committed under an honest mistake of fact as to marital status, is nevertheless a crime involving moral turpitude. The case of Whitty v. Weedin[9] is said to be dispositive of the issue of whether or not the precise Canadian statute under consideration involves moral turpitude.
If moral turpitude is not necessarily inherent in a conviction under the Canadian statute, such conviction would not render an alien excludable by virtue of Section 1182(a) (9) of the Act. Cf. Ablett v. Brownell, supra.
When inquiring into the nature of a statutory crime, the definitive name, or label, attached to the proscribed conduct is not the criteria for determining whether such offense involves moral turpitude. The impact upon moral turpitude, inherent in a conviction under a criminal statute, must be measured by the language delineating the offense, for therein is found the elements of the crime; and, from the elements of the offense determination of whether or not moral turpitude is involved must be made. Vidal y Planas v. Landon, D.C.S. D.Cal.1952, 104 F.Supp. 384; United States ex rel. Meyer v. Day, 2 Cir., 1931, 54 F.2d 336. Cf. Ablett v. Brownell, supra.; United States ex rel. McKenzie v. Savoretti, 5 Cir., 1952, 200 F.2d 546.
Where a statutory offense does not include as an essential element a criminal state of mind equivalent to the common law mens rea, a conviction thereunder does not ipso facto impeach the character of the defendant or render him inadmissible under the pertinent immigration statute. Cf. Ablett v. Brownell, supra. This conclusion results from ascertainment of the inherent nature of the crime committed and does not mean that the particular facts of a given case might not establish conduct, unnecessary to the conviction, which evidenced a criminal or depraved state of mind equalling the common law concept of mens rea. Where such a fact exists, it does not arise from the inherent nature of the statutory offense, but from the record of the proceedings resulting in conviction. Cf. Vidal y Planas v. Landon, supra.
In short, for purposes of exclusions under Section 1182(a) (9) of the Act, an alien convicted of an offense which is not mala in se, or which does not include as an essential element of the offense a specific state of mind properly equated with the common law concept of *851 mens rea as opposed to an intent to do the act which has itself been proscribed and rendered malum prohibitum, does not stand convicted of a crime which involves moral turpitude as a matter of law, even though the facts present in a given case might disclose conduct which involved moral turpitude. Vidal y Planas v. Landon, supra.; Cf. Ablett v. Brownell, supra.
The rule in Canada is that the crime of bigamy does not require mens rea; and, under the statute a defendant may be convicted without proof of evil intent or base and depraved conduct.[10] It appears indisputable that a conviction under such a statute does not inherently, or as a matter of law, reach or involve moral turpitude. Cf. Ablett v. Brownell, supra.; Vidal y Planas v. Landon, supra; United States ex rel. Meyer v. Day, 2 Cir., 1931, 54 F.2d 336.
The case of Whitty v. Weedin, supra, did not consider the inherent nature of the crime defined by the Canadian statute, but rather viewed the facts adduced in support of the charged violation  or those adduced in defense thereof. The decision does not squarely reach the question raised before this Court, especially in light of the Ablett decision and the fact the label "bigamy" is attached to several distinct offenses, requiring different proofs, within the several states of this nation.[11] In those jurisdictions where "bigamy" rquires proof that the defendant went through a form of marriage, knowing that his or her prior spouse was living and undivorced, the offense is a crime involving moral turpitude. In those jurisdictions, such as Canada, in which bigamy can result from an honest mistake of fact as to the validity or existence of a divorce or annulment, the crime cannot be said to inherently involve moral turpitude. Cf. Friday v. State Bar, 23 Cal.2d 501, 144 P.2d 564.
The divergence of authority within the United States upon the question of whether or not the crime of bigamy requires mens rea has prompted the American Law Institute to include in Tentative Draft No. 4, Model Penal Code (23 L.W. 2606), a provision establishing as a defense to a charge of bigamy the fact that defendant had a bona fide and reasonable belief that he was free to remarry. (Section 207.2(1). This proposed criminal code would, if adopted, require proof of a specific criminal intent by the defendant equivalent to the common law mens rea. And, conviction under such a statute would, as heretofore pointed out, involve moral turpitude. But, such is not the case before this Court, for the crime plaintiff stands convicted of required no mens rea or equivalent specific criminal intent. Cf. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; United States ex rel. Robinson v. Day, 2 Cir., 51 F.2d 1022.
The result in this case would not be different were the facts leading to plaintiff's conviction open to inquiry by the Court. This is true for the reason that the record of conviction and the undisputed testimony before the Special Inquiry Officer and the Board of Immigration Appeals shows that plaintiff's offense arose upon a mistake of fact, in that he reasonably believed that the woman he had first married had secured *852 a divorce or an annulment of that marriage. The other facts surrounding the offense lend credence to this contention, for plaintiff and his first wife were married at an early age and following the ceremony did not live together as man and wife at all. Plaintiff was thereafter advised that the marriage had been terminated by his wife. The second marriage undertaken by plaintiff was a church wedding, to which friends of plaintiff and his first wife were invited. Several years after the second marriage, plaintiff invited his first wife to his home. She accepted the invitation, visited, and thereafter apparently caused the bigamy charge to be filed. This conduct does not evidence that vileness, baseness, or depravity of character considered indispensable to moral turpitude. United States ex rel. Mongiovi v. Karnuth, D.C., 30 F.2d 825; United States ex rel. Chartrand v. Karnuth, D.C.W.D.N.Y.1940, 31 F.Supp. 799; Cf. Vidal y Planas v. Landon, D.C.S.D.Cal.1952, supra.
The Court finds that the crime of bigamy, defined by Section 308 of the Canadian Criminal Code, for which plaintiff was convicted on January 6, 1931, is not an offense inherently involving moral turpitude. It follows, therefore, that the Exclusion Order entered by the defendant against the plaintiff is grounded upon a misapprehension of the inherent nature of the crime of bigamy in Canada, and cannot be sustained.

Order
It is the judgment of this court that the ruling of the defendant excluding the plaintiff from admission to the United States upon the ground that he stands convicted of an offense involving moral turpitude is null and void.
Judgment will be entered in favor of the plaintiff and against the defendant consistent with the findings and conclusions above stated.
NOTES
[1] Title 8, U.S.C.A. § 1182(a) (9), provides that the following aliens "shall be excluded from admission to the United States: * * * (9) Aliens who have been convicted of a crime involving moral turpitude * * *."
[2] In re: William George Forbes, June 7, 1954, File T 2,719,192 Order dated June 23, 1954.
[3] In re: William George Forbes, August 23, 1954, File T-2719192, United States Department of Justice, Board of Immigration Appeals.
[4] 28 U.S.C. § 2201; And see Brownell v. We Shung, 1956, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225.
[5] 5 U.S.C.A. § 1009, 60 Stat. 243.
[6] United States ex rel. McKenzie v. Savoretti, 5 Cir., 1952, 200 F.2d 546; Vidal y Planas v. Landon, D.C.S.D.Cal.1952, 104 F.Supp. 384, and cases therein cited.
[7] Canadian Criminal Code, Section 308 provides: "Bigamy  Bigamy is  (a) the act of a person who, being married, goes through a form of marriage with any other person in any part of the world; or

"(b) the act of a person who goes through a form of marriage in any part of the world with any other person whom he or she knows to be married; or
"(c) the act of a person who goes through a form of marriage with more than one person simultaneously, or on the same day. Defenses.  No one commits * * * bigamy by going through a form of marriage  (a) if he or she in good faith and on reasonable grounds believes his wife or husband to be dead; or (b) if his wife or her husband has been continuously absent for seven years then last past and he or she is not proved to have known that his wife or her husband was alive at any time during those seven years; or (c) if he or she has been divorced from the bond of the first marriage; or (d) if the former marriage has been declared void by a court of competent jurisdiction."
[8] 2 I & N Decs. 328 (1945).
[9] 9 Cir., 1933, 68 F.2d 127.
[10] Rex v. Morgan, 78 Canadian Cr.Cases 129; Rex v. Brinkly, 12 Canadian Cr. Cases 454; Rex. v. Wood, 7 Canadian Cr. Cases 129; Reg. v. Smith, 14 U.C.Q.D. 565.
[11] Some states hold that mens rea is an essential element of the crime of bigamy. People v. Vogel, 1956, 43 Cal.2d 798, 299 P.2d 850; Robinson v. State, Ga.1909, 6 Ga.App. 696, 65 S.E. 792; Squire v. State, Ind.1874, 46 Ind. 459; State v. Cain, La.1902, 106 La. 708, 31 So. 300; Baker v. State, Neb.1910, 86 Neb. 775, 126 N.W. 300, 27 L.R.A.,N.S., 1097; State v. Stank, Ohio 1883, 9 Ohio Dec. Reprint 8; Adams v. State, Tex.1929, 110 Tex.Cr.R. 20, 7 S.W.2d 528. Other states do not. See, Bigamy: Good Faith Belief In Dissolution of a Former Marriage, 27 Cal.L.Rev. 746 (1939).