[Crim. No. 3538.   Second Dist., Div. Two.   Feb. 9, 1942.]

THE PEOPLE, Respondent, v. TONY PASCUA DEL PRADO, Appellant.

Arthur F. Larrabee for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was found guilty of the crime of robbery in the second degree at a trial by the court without a jury. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

It is contended that the evidence is insufficient to establish that the crime of robbery was committed and that defendant participated therein. The complaining witness, Agapito Fortuno, a Filipino chauffeur, testified that he was returning from his work in Beverly Hills on the night of May 15, 1941. On arriving at the neighborhood of his home on North Fremont Street in Los Angeles he was accosted by another Filipino, with whom he was not acquainted. This Filipino asked the witness if he "wanted a girl." Upon a negative answer by the witness the other Filipino struck him with his fist and a fight ensued. Three other Filipinos, none of whom was an acquaintance of the witness, joined in the attack upon Fortuno. The defendant was identified as one of these assailants by Fortuno, who testified that "he was grabbing me by the waist and trying to grab my wallet." In the struggle Fortuno was struck with a blunt instrument and became unconscious. When he regained consciousness he complained to police officers in the vicinity, who took him to the Central police station and later to his home. The next morning Fortuno discovered that the sum of $30 had been taken from his wallet.

If the circumstances shown in evidence reasonably justify the finding of the trial court, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not justify a reversal of the judgment. (*People* v. *Newland,* 15 Cal. (2d) 678, 681 [104 Pac. (2d) 778]; *People* v. *Tedesco,* 1 Cal. (2d) 211, 219 [34 Pac. (2d) 467].) Measured by this rule the evidence is sufficient to sustain the judgment of the trial court.

In support of his motion for a new trial defendant filed affidavits by his attorney and by one Velasquez, who had been charged with participation in the robbery and who

had been acquitted. Although defendant knew at the time of his own trial that Velasquez was awaiting trial for participating in the same robbery, he nevertheless failed to present him as a witness for the defense. The question whether a motion for a new trial should be granted is within the discretion of the trial court as to the issue whether due diligence has been exercised and as to the issue whether a different decision would be reasonably probable upon the presentation of the new evidence. A clear and unmistakable abuse of discretion must be shown before a reviewing court would be justified in disturbing the findings of the trial court. No such showing has been made. (*People* v. *Loveless,* 140 Cal. App. 291, 294 [35 Pac. (2d) 574].)

The judgment and the order are affirmed.

Moore, P. J., and McComb, J., concurred.