CLARK *v.* STATE.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Neither brief nor assignment of errors are filed in support of Clark's appeal. In this plight of the matter Code Section 11810 requires the Court to "render such judgment on the record as the law demands."

The charge in the one count indictment is that on or about December 1, 1952 in Hawkins County, Tennessee, Clark "did unlawfully, feloniously and bigamously cohabit with a woman, with whom he entered into a marriage ceremony, at a time when he had a living wife from whom he had not been divorced".

The verdict of the jury is that "they find the defendant, William N. Clark, guilty of bigamy, as charged in the indictment". The judgment entered is in accordance.

The statute under which Clark was indicted is Section 11180 providing, viz.:

"If any person, being married, shall marry another person, the former husband or wife then living, or continue to cohabit with such second husband or wife in this state, such person shall be imprisoned in the penitentiary not less than two nor more than twenty-one years."

This code section denounces two distinct offenses, to wit, (1) bigamy, and (2) unlawful cohabitation with the second wife. *White* v. *State,* 157 Tenn. 446, 449-450, 9 S. W. (2d) 702.

The indictment charges the second offense, unlawful

cohabitation. The conviction is for the first offense, bigamy. Thus it is that Clark is convicted of an offense for which he is not indicted. Of course, the case must be reversed and remanded.

The probability is that the learned Trial Court inadvertently failed to draw the distinction between the two substantive offenses created by this code section. Our decisions, however, say that the second offense was created because bigamy could only be prosecuted in the state or county where the second marriage occurred. Hence, the creation of the second offense " 'to prevent the scandal and evil example of permitting men and women to cohabit in any community of this State, upon an unlawful second marriage, when the first, as well as the last, or either, may have taken place in any other State or county. ' " *Jones* v. *State*, 182 Tenn. 60, 66, 184 S. W. (2d) 167, 169; *White* v. *State*, supra; *Finney* v. *State*, 40 Tenn. 544, 545.

The evidence is that the alleged bigamous marriage took place in Indiana and that the parties then came into Hawkins County, Tennessee. Perhaps it is for this reason that the indictment charged felonious cohabitation, rather than bigamy.

The judgment will be reversed and the cause remanded.