UNITED STATES ex rel. McKENZIE v. SAVORETTI, District Director of United States Immigration and Naturalization Service.

No. 13984.

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1952.

David W. Walters, Miami, Fla., for appellant.

Douglas P. Lillis, Asst. Adjudications Officer, Immigration & Naturalization Service and Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before BORAH, STRUM, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a final judgment of the trial court declining to issue a writ of habeas corpus in a proceeding brought by the appellant, Alpheus Herbert McKenzie, to inquire into the legality of a decision of the Immigration and Naturalization Service ordering his deportation from the United States.[1]

The appellant contends that the administrative action was unfair and constituted a denial of due process of law, because after the order of deportation had been entered, the hearing officer refused to reopen the matter[2] to consider his claim, not theretofore made, that he was entitled to depart voluntarily from Miami, Florida, to Nassau, Bahamas, in lieu of deportation thereto. The appellant claims that he had no opportunity to propose and prove his eligibility for voluntary departure at the time of the hearing as the hearing officer, through an alleged abuse of discretion, did not then advise him that he had a right to request such relief. Conceding that voluntary departure is a privilege rather than a right,[3] the appellant contends that if he had been timely informed of the existence of such privilege, he would have been prepared at the hearing to prove his good moral character for the preceding five years.[4] He further contends that his right to apply for such discretionary relief was barred by the holding of the hearing officer that he was deportable under Section 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, as an alien who, prior to his entry into the United States, had been convicted of crimes involving moral turpitude. The appellant admits the crimes and his convictions thereof and concedes that Section 19 (d) of the statute denies the privilege of voluntary departure to an alien who has been convicted of a crime involving moral turpitude, but he insists that the government failed to sustain its burden of proving that moral turpitude was involved in the said crimes. Accordingly, he claims the right to have the hearing reopened to allow him to apply for voluntary departure and to resolve the issues concerning his eligibility for such discretionary relief. We do not agree that he has such a right.

It is clear that the failure of the hearing officer to advise the appellant or his counsel that he was entitled to apply for voluntary departure was not an abuse of

---

1. The appellant was ordered deported under Section 14 of the Immigration Act of May 26, 1924, 8 U.S.C.A. § 214, as an alien found to have remained in the United States for a longer time than permitted, and Section 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, which provides:

"(a) * * * any alien who was convicted * * * prior to entry, of a felony or other crime or misdemeanor involving moral turpitude * * * shall, upon the warrant of the Attorney General, be taken into custody and deported. * * *

"(c) In the case of any alien (other than one to whom subsection (d) is applicable) who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may permit such alien to depart the United States to any country of his choice at his own expense in lieu of deportation. * *

"(d) The provisions of subsection (c) shall not be applicable in the case of any alien who is deportable under * * * any of the provisions of so much of subsection (a) of this section as relates to criminals, prostitutes, procurers, or other immoral persons, the mentally and physically deficient, anarchists, and similar classes; * * *."

2. The motion to reopen was submitted to the Commissioner of Immigration and Naturalization and was successively denied, upon consideration of the entire record, by the hearing officer, the Assistant Commissioner of the Adjudications Division of the United States Department of Justice, and the Board of Immigration Appeals.

3. It is allowable at the discretion of the Attorney General of the United States. See footnote 1. The exercise of such discretion is delegable to officers of the Immigration and Naturalization Service. See Section 37(a), Alien Registration Act of June 28, 1940, 8 U.S.C.A. § 458(a).

4. See footnote 1.

discretion. Title 8, Section 151.2(c) of the Code of Federal Regulations expressly denies to a hearing officer the right to advise an alien of the privilege of departure in a case in which the alien is charged with being subject to deportation upon any one of the grounds specified in Section 19(d) of the Act. Here, the appellant was charged with having remained in the United States beyond the time allowed for his temporary stay, and what is more important, with being a "criminal" subject to deportation under Section 19(d). Because of this charge he was not, however, precluded from applying for voluntary departure at any time during the hearing, Title 8, Code of Federal Regulations, Section 151.3(e), for he was entitled to establish, if he could, the facts which would support an application for discretionary relief. Having failed to fulfill his burden [5] of presenting this application, the appellant may not, at this late date, urge that the hearing be reopened.

The appellant contends that the Immigration and Naturalization Service failed to offer proof that his previous convictions were for crimes involving moral turpitude. This contention is equally without merit. It rests upon the assumption that the examining officer was required to conduct an investigation into the substantive law of the foreign jurisdiction in which the appellant was convicted and sentenced in order to determine whether the crimes involved moral turpitude. At the hearing, the examining officer introduced in evidence a certificate of the Registry of the Supreme Court of Nassau, Bahamas, which recited that on November 2, 1927, the appellant was convicted of the crimes of forgery, uttering and larceny, and was sentenced to serve one year at hard labor, and that on November 12, 1929, he was convicted of forgery, uttering, and stealing, and was sentenced to serve three years at hard labor. The appellant concedes the correctness of the certificate but points out that it does not reveal whether or not the crimes involved moral turpitude, and he insists that an inquiry be made into the pertinent laws of the British West Indies. In this connection it is claimed that the appellant was a juvenile when the crimes were committed, that the offenses involved juvenile delinquency, and that proof of the substantive law of the British West Indies to the extent that it may relate to juveniles, is required to show that the appellant's convictions as an adult offender did not occur because a juvenile court had not been set up in said foreign jurisdiction.[6] These contentions have no merit.

The moral turpitude referred to in Section 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, is determined without reference to the laws of foreign jurisdictions. In considering the question here presented, Immigration officials and courts sitting in review of their actions need only to look to the record and the inherent nature of the offense. Mercer v. Lence, 10 Cir., 96 F.2d 122; United States ex rel. Zaffarano v. Corsi, 2 Cir., 63 F.2d 757. The appellant admitted the accuracy of the certificate which showed that he was convicted of the crimes of forgery, larceny, uttering, and stealing, and under the authorities these crimes are regarded as involving moral turpitude.[7] The judgment was right and it is affirmed.

5. Title 8, Code of Federal Regulations, Section 151.3(e) further states that "The burden of establishing that the alien meets the statutory requirements precedent to the exercise of discretionary relief shall be upon the alien."

6. See Matter of N., 3 Immigration and Naturalization Decisions, page 723.

7. See United States ex rel. Portada v. Day, D.C., 16 F.2d 328 (issuing a check with intent to defraud); United States ex rel. Volpe v. Smith, Director of Immigration, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298 (counterfeiting government obligations); Tillinghast v. Edmead, 1 Cir., 31 F.2d 81 (petty larceny). The appellant's offenses consisted of the theft of certain registered letters containing a money order and other valuable documents, and the forgery and cashing of said money order, while he was acting as postmaster at Exuma, Bahamas.