**Kurt Karl Friedrich HEGERICH,**
**Appellant,**

**v.**

**Albert DEL GUERCIO, District Director, Immigration and Naturalization Service, Los Angeles, California, Appellee.**

**No. 15577.**

United States Court of Appeals Ninth Circuit.

May 12, 1958.

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Burton C. Jacobson, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

Hegerich is a national and citizen of Germany. He was properly admitted at New York City on February 18, 1956. His permit authorized him to stay until May 20, 1956. With his passport was a visa from the United States consul in Munich, Germany, reciting that he had until May, 1957, to apply for permanent admission to the United States.

On May 23, 1956, he went for the second time to the immigration and naturalization office in Los Angeles to clear up his status, to seek extension of the time of his stay. The office's reply to his request was to arrest him on the spot. Subsequently, administrative proceedings were held to determine his deportability and to consider his application for voluntary departure. The result was an order directing his deportation and denying his application for voluntary departure.

The administrative proceedings were upheld on review by the district court. This appeal followed.

As to deportability, the facts would seem to positively support the administrative conclusion. However, as to the ruling on voluntary departure which would affect Hegerich's right to apply for readmission, this court is of the opinion that there was an abuse of discretion. No suggestion is made that appellant is not a person of good moral character. His overstaying was de minimis in time. Blunderingly, he was trying to comply with the law. It is clear that his conduct was neither slick nor foxy. In this field of voluntary departure, ordinarily action unfavorable to the deportee must be upheld. But the government, as it should, seems to concede that there can be a case where the denial of voluntary de-

parture can be an abuse of administrative discretion. This court holds that this is it.

Reversed for proceedings which will permit appellant's voluntary departure.