## MATTER OF SCARPULLA

### In Deportation Proceedings

### A-19496038

*Decided by Board November 21, 1974*

Respondent's application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act is denied, because he is excludable under section 212(a)(9) of the Act as an alien who prior to entry had committed a crime involving moral turpitude. He was convicted abroad for the theft of goods valued at $35.00 and was sentenced to one year and nine months incarceration. He served 20 months. Where the punishment actually imposed exceeded one year, under 18 U.S.C. 1(3) the crime cannot be considered a petty offense within the exception provided under section 212(a)(9) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor, remained longer than permitted.

ON BEHALF OF RESPONDENT:
Jonanthan E. Avirom, Esquire
Billet, Billet & Avirom
225 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
Paul O. Vincent, Esquire
Appellate Trial Attorney

This is an appeal from a decision of an immigration judge dated January 2, 1974, finding the respondent deportable on the above-stated charge, denying his application for adjustment of status under section 245 of the Immigration and Nationality Act, but granting him voluntary departure. Exception has been taken solely to the denial of the respondent's application for adjustment of status. The appeal will be dismissed.

The respondent is an unmarried male alien, a native and citizen of Italy. He entered the United States on December 24, 1970 as a nonimmigrant visitor for pleasure authorized to remain in that status until October 24, 1971. He remained here beyond that date without authority. He admitted the truth of all the factual allegations in the order to show cause and conceded deportability. Voluntary departure was requested and the respondent was afforded this discretionary relief from deportation.

The immigration judge denied the respondent's application for adjustment of status pursuant to section 245 of the Act on the ground that

139

the respondent was excludable under section 212(a)(9) of the Act as an alien who prior to entry had committed a crime involving moral turpitude which was not classifiable as a petty offense. We are in agreement.

Adjustment of status under section 245 is available to an alien (1) who is eligible for an immigrant visa, (2) who is admissible to the United States for permanent residence, and (3) to whom an immigrant visa is immediately available at the time his application is approved. In the present case the first and third requirements evidently have been satisfied, since the respondent is the beneficiary of an approved visa petition and, according to the latest State Department Bulletin, fifth preference visa numbers are currently available to applicants born in Italy. The only remaining question is whether he is admissible to the United States as a permanent resident. An alien applying for adjustment of status is assimilated to the position of an alien seeking to enter the United States for permanent residence, *Campos* v. INS, 402 F.2d 758, 760 (C.A. 9, 1968).

In his appeal, the respondent asserts that the crime of which he was convicted falls within the exception for petty offenses contained in section 212(a)(9). In support of this premise, it is the respondent's contention that (1) the crime of which he was convicted was a misdemeanor; and (2) the criteria to be used to determine whether the crime is a petty offense should not be what punishment was imposed by the foreign jurisdiction but the punishment that would be imposed according to United States standards.

Section 212(a) of the Act provides, in pertinent part:

"Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

. . .

(9) Aliens who have been convicted of a *crime involving moral turpitude* (other than a purely political offense). . . . Any alien who would be excludable because of the *conviction of a misdemeanor classifiable as a petty offense* under the provisions of section 1(3) of title 18, United States Code, *by reason of the punishment actually imposed,* or who would be excludable as one who admits the commission of an offense that is classifiable as a misdemeanor under the provisions of section 1(2) of title 18, United States Code, by reason of the punishment which might have been imposed upon him, may be granted a visa and admitted to the United States if otherwise admissible: *Provided,* That the alien has committed *only* one such offense . . . ." (Emphasis supplied.)

The record shows that the respondent was convicted on December 6, 1948 in Palermo, Italy for theft of 300 kilos of olives valued at $35 and was sentenced to one year and nine months pursuant to Article 23, Chapter 26 of the Italian Penal Code. The respondent served 20 months of this sentence. To determine whether or not a crime committed in a foreign country involves moral turpitude, American standards must be applied, *U.S. ex rel. McKenzie* v. *Savoretti,* 200 F.2d 546 (C.A. 5, 1952; *Matter of Grazley,* 14 I. & N. Dec. 330 (BIA 1973). It is well settled that

theft or larceny, whether grand or petty, has always been held to involve moral turpitude, *Brett v. INS*, 386 F.2d 439 (C.A. 2, 1967), cert. denied 392 U.S. 935 (1968); *Morasch v. INS*, 363 F.2d 30 (C.A. 9, 1966); *Khalaf v. INS*, 361 F.2d 208 (C.A. 7, 1966); *U.S. ex rel. Meyer v. Day*, 54 F.2d 336 (C.A. 2, 1931). We conclude that the respondent's conviction for theft is a conviction for a crime involving moral turpitude.

The classification of a crime committed in a foreign country as a misdemeanor or a felony is likewise made according to United States standards; i.e., the offense is examined in the light of the maximum punishment imposable for a equivalent crime described in Title 18 of the United States Code or, if an equivalent offense is not found there, Title 22 of the District of Columbia Code, *Giammario v. Hurney*, 311 F.2d 285, 286 (C.A. 3, 1962); *Matter of Adamo*, 10 I. & N. Dec. 593, 595 (BIA 1964); *Matter of T—*, 6 I. & N. Dec. 508, 517 (A.G. 1955). A misdemeanor is any offense other than one punishable by death or imprisonment for a term exceeding one year, 18 U.S.C. 1(1), (2).

The immigration judge found an equivalent crime in the District of Columbia Code, section 22–22–02 which reads as follows: "whoever shall feloniously take and carry away any property of value of less than $100 shall be fined not more than $200 or be imprisoned for not more than one year, or both." From the foregoing, we conclude that the crime in question was a misdemeanor. However, in this case the sentence actually imposed upon the respondent by the Italian court and the sentence actually served by him exceeded six months. Hence, the punishment actually imposed exceeds the test set out in 18 U.S.C. 1(3) and the respondent's crime may not be considered a petty offense within the exception outlined in section 212(a)(9) of the Act, *Matter of M—*, 8 I. & N. Dec. 453 (BIA 1959). Consequently, the immigration judge properly found the respondent excludable pursuant to the provisions of section 212(a)(9) and statutorily ineligible for adjustment of status under section 245. Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 60 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.