**Rene Aden
CONTRERAS–ARAGON, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 85–7392.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1986.

Decided May 12, 1986.

Rosemary J. Esparza, El Centro, Cal., for petitioner.

Linda B. Adams, James Hunolt, Washington, D.C., for respondent.

Before WALLACE, SNEED and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

Petitioner, a 25-year old citizen of El Salvador, seeks review of an order of the Board of Immigration Appeals, denying his application for asylum and withholding of deportation. Petitioner also requests that if other relief is denied, the court reinstate the BIA's expired order granting him voluntary departure.

**Facts**

On April 10, 1983, petitioner entered the United States by evading inspection at the Mexican border. The Immigration and Naturalization Service commenced deportation proceedings the next day by charging petitioner with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(1982). Petitioner, represented by counsel, conceded deportability and sought asylum, withholding of deportation and voluntary departure. The application for voluntary departure was later withdrawn.

At a hearing, petitioner testified that he had fled El Salvador because he feared persecution. His fear was based upon the following circumstances: (1) Prior to his departure, he had worked for the Salvadoran Government's Institute of Agrarian Transformation. During his employment, he had occasionally encountered guerrillas and, in order to avoid trouble, had promised he would cooperate with them. (2) In 1981, a confederate of his by the name of Julio had been found dead holding a machine gun. (3) Petitioner's brother-in-law, a leftist who lived in the same household, was killed under mysterious circumstances, an incident he attributes to the Salvadoran National Guard.

In a thorough oral ruling, Immigration Judge Minjares rejected petitioner's contentions. The IJ noted that petitioner's descriptions of his brother-in-law's killing and the killing of Julio were vague; that petitioner had admitted he had left El Salvador voluntarily and had never been molested by the government; and that he had failed to seek asylum in Mexico and Guatemala, through which he traveled on his way to the United States. The IJ therefore concluded that petitioner's "claim of leaving on account of fear is specious," and denied his application for asylum and withholding of deportation.

The BIA affirmed, noting as follows: Even if accepted as true, the respondent's allegations do not demonstrate a realistic likelihood that he would be harmed upon return to El Salvador. Nor has he shown that any such mistreatment would be directed against him on "account of" his political opinion or other statutory basis. In addition, the fact that conditions of anarchy, political and social upheaval, and generalized lawlessness may exist in El Salvador is insufficient to support an alien's persecution claim, absent other special circumstances. *Matter of Martinez-Romero*, 18 I & N Dec. 75 (BIA 1981), *aff'd Martinez-Romero v. INS*, 692 F.2d 595 (9th Cir. 1982). We perceive no such "special circumstances" here.

On the basis of this determination, the BIA ruled that petitioner had failed to establish entitlement to asylum or withholding of deportation. The Board nevertheless, sua sponte, granted petitioner thirty days to voluntarily depart from the United States. The thirty days expired on July 4, 1985, petitioner having failed to seek an extension from the INS District Director.

**Discussion**

■ 1. We find no error in the BIA's determination that petitioner failed to carry his burden of establishing entitlement to asylum or withholding of deportation. The immigration judge considered the evidence presented by petitioner and disbelieved the

claim that he fled El Salvador out of fear of persecution. The reasons given by the immigration judge for his conclusion are rational and supported by the record.[1] As the BIA noted, even if petitioner's testimony is believed, it does not establish that upon return to El Salvador he would suffer mistreatment specifically as a result of his political views. We perceive no error in the BIA's decision on this matter. *See Vides-Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986). And, because Contreras-Aragon failed to show a well-founded fear of persecution, he necessarily "failed to show a clear probability of it whether or not the latter standard is more stringent or the same as the former." *Diaz-Escobar v. INS,* 782 F.2d 1488, 1491 (9th Cir.1986).

2. A more novel issue is raised by petitioner's request that we reinstate the BIA's expired order granting him voluntary departure. Petitioner has cited no authority for this request and we have found none.[2] Pursuant to regulation, the immigration judge is authorized to grant the alien voluntary departure. 8 CFR § 244.1 (1985). In order to grant voluntary departure, the immigration judge must find that the alien is willing to depart the United States promptly and has the immediate means to do so. *Id.* If he so finds, he may exercise discretion in the matter.

The BIA's June 4, 1985, order granting voluntary departure constituted an exercise of this discretion pursuant to section 244.1. Although the BIA did not specifically say so, the order is an implicit determination that petitioner met the regulation's requirements in June 1985. However, that order has now expired and it is impossible for us to determine whether petitioner still qualifies for that relief. Moreover, even if we were satisfied that petitioner qualifies, we may not exercise discretion on this issue in the first instance. As the Second Circuit noted in *Pang Kiu Fung v. INS,* 663 F.2d 417, 419 (2d Cir.1981), "[b]oth reopening deportation proceedings and reinstatement of voluntary departure are discretionary with the Board."

This conclusion is supported by the clear language of the statute authorizing voluntary departure. The Immigration and Nationality Act allows only the Attorney General to grant such relief. 8 U.S.C. § 1254(e) (1982). He may delegate the job to "any officer or employee of the Department of Justice," *id.* § 1103(a); and he has done so by regulation, 8 C.F.R. §§ 242.-5(a)(1), 244.1 (1985). Our power is limited to reviewing orders granting or denying voluntary departure for abuse of discretion. *See Penalosa v. INS,* 468 F.2d 198, 198 (9th Cir.1972); *Hegerich v. Del Guercio,* 255 F.2d 701, 702 (9th Cir.1958).[3] We therefore are without authority to grant petitioner the relief he requests.

### Conclusion

The petition for review of the BIA's decision is denied.

1. Although the immigration judge stated his reasons for disbelieving petitioner expressly, his actual finding of incredibility was only implied. This does not affect the scope or conclusion of our review. *See Saballo-Cortez v. INS,* 761 F.2d 1259, 1266 (9th Cir.1984).

2. While the court has on occasion reinstated expired BIA voluntary departure orders, *see Benitez-Mendez v. INS,* 760 F.2d 907, 910 (9th Cir.1983); *De Reynoso v. INS,* 627 F.2d 958, 960 (9th Cir.1980), it has never addressed the issue of whether we have authority to do so.

3. Allowing appellate courts to grant voluntary departure undercuts one of its purposes. As the BIA stated long ago:

The purpose of authorizing voluntary departure in lieu of deportation is to effect the alien's prompt departure without further trouble to the Service. Both the aliens and the Service benefit thereby. But if the alien does not depart promptly, so that the Service becomes involved in further and most costly procedures by his attempts to continue his illegal stay here, the original benefit to the Service is lost. And if, after years of delay, he is again rewarded with the opportunity for voluntary departure which he has previously spurned, what incentive is there for any alien similarly circumstanced to depart promptly when first given the opportunity?

*Wang Ching Fui* (August 21, 1969 unpublished decision), *quoted in Ballenilla-Gonzalez v. INS,* 546 F.2d 515, 521 (2d Cir.1976), *cert. denied,* 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977).