**Jonathan LARYEA, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 3–MC–41.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 28, 2004.

Bobby B. Stafford, Esquire, Raby & Stafford, Alexandria, VA, for Petitioner.

S. Kathleen Pepper, AUSA, Office of the United States Attorney, Alexandria, VA, for Respondent.

### MEMORANDUM OPINION

ELLIS, District Judge.

At issue on summary judgment in this appeal from a decision of the Bureau of Citizenship and Immigration Services denying petitioner's naturalization application is whether the suspension of 9 months of petitioner's 11 month sentence for petit larceny renders him statutorily ineligible for naturalization pursuant to 8 U.S.C. § 1427(a).

## I.[1]

Petitioner is a citizen of Ghana and a lawful permanent resident of the United States. On June 13, 2001, he filed an Application for Naturalization (Form N–400) with the Immigration and Naturalization Service ("INS").[2] Certified court records indicate that petitioner was arrested on November 29, 2001 and charged with credit card fraud. Ultimately, he pled guilty to the lesser offense of petit larceny, for which he was fined and sentenced to eleven (11) months imprisonment, with nine (9) months of his imprisonment suspended. On June 24, 2002, petitioner's naturalization application was denied on the ground that he had not satisfied the good moral character requirement for naturalization due to his conviction for petit larceny. The decision denying petitioner's application informed him that the denial was without prejudice to his filing a new application for naturalization on or after January 3, 2007.

Thereafter, petitioner made a timely request for a hearing on the denial of his naturalization application because he believed the decision did not reflect his true moral character. His hearing request was granted, and on May 5, 2003, following the hearing, the CIS upheld the denial of petitioner's naturalization application because he failed to show that his application had been denied in error. On September 4, 2003, petitioner timely filed a petition for review of this decision in the United States District Court for the Eastern District of Virginia.

## II.

American citizenship is the treasured and worthy goal of most immigrants in this country. It is, appropriately, a goal that is not easily attained; the path is often long and arduous. Some applicants stumble or falter along this path; some fail in their quest. Yet, because the goal is so important to the applicant and because the integrity and result of the process are so important to our country, the Congress has appropriately provided for *de novo* judicial review for administrative denials of naturalization applications.[3] There is, therefore, no question concerning jurisdiction or venue here.

The starting point in the analysis of the petition is the statutory standard applicable to the grant of naturalization which is found in § 1427(a) of Title 8, and which provides, *inter alia*, that "[n]o person ... shall be naturalized unless such applicant

---

1. The facts recited here are derived from both respondent's and petitioner's exhibits, as well as petitioner's pleadings, and are undisputed by the parties. *See* Rule 56(c), Fed.R.Civ.P. (summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law").

2. On March 1, 2003, the INS was abolished and its functions were transferred from the Department of Justice to the Department of Homeland Security. Those functions were restructured into three separate agencies, one of which is the United States Bureau of Citizenship and Immigration Services ("CIS").

*See* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135, 2178 (Nov. 25, 2002); 68 Fed.Reg. 9824 (Feb. 28, 2003). The CIS is the agency with responsibility for processing naturalization applications.

3. 8 U.S.C. § 1421(c) provides that

[a] person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5, United States Code. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

... during all periods referred to in this subsection has been and still is a person of good moral character ...." 8 U.S.C. § 1427(a). Good moral character in this context is defined in 8 U.S.C. § 1101(f), which provides in relevant part that

[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was ... a member of one or more classes of persons, whether *inadmissible or not*, described in ... subparagraphs (A) and (B) of section 1182(a)(2) of this title ....

8 U.S.C. § 1101(f)(3). And, § 1182(a)(2)(A) of Title 8, in turn, provides that an alien who has been convicted of a crime involving moral turpitude is inadmissible to the United States. But this rule is not absolute; there is a petty offense exception to the rule where

the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year *and* ... the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

8 U.S.C. § 1182(a)(2)(A)(ii)(II) (emphasis added). In sum, then, a naturalization application is properly denied where the alien applicant is convicted of a crime of moral turpitude unless that crime is a petty offense, *i.e.*, an offense for which the maximum sentence does not exceed a year and the actual sentence imposed was not in excess of six months regardless of the time actually served.

This standard is not difficult to apply here. First, it is undisputed that petitioner was convicted of petit larceny and that petit larceny is a crime involving moral turpitude. *See Bell v. Commonwealth*, 167 Va. 526, 189 S.E. 441, 443–44 (1937) (finding that "larceny, either grand or petit, is shot through with moral turpitude").[4] But it is also undisputed that petitioner satisfies the first part of the petty offense exception in that the maximum allowable sentence for his crime did not exceed one year. Thus, the sole remaining and disputed question is whether the second part of the petty offense exception applies, namely whether petitioner was sentenced to a term of imprisonment "in excess of 6 months (regardless of the extent to which the sentence was ultimately executed)" 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Since petitioner served only two months of his eleven month sentence, nine months of which were suspended, the question, more particularly, is whether the parenthetical requires that suspended portions of a sentence must be counted toward the six-month limit.

The plain and unambiguous meaning of the language of § 1182 dictates an affirmative answer to this question: Suspended portions of a sentence must count toward the exception's six-month limit. This is the plain meaning of the statutory parenthetical phrase "regardless of the extent to which the sentence was ultimately executed." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). In essence, the suspension of a portion of petitioner's sentence does not alter the fact that he was indeed sentenced to a term of imprisonment in excess of six months.

---

4. *See also Brett v. Immigration & Naturalization Serv.*, 386 F.2d 439 (2d Cir.1967) (petit larceny involves moral turpitude); *Khalaf v. Immigration & Naturalization Serv.*, 361 F.2d 208 (7th Cir.1966) (same); *Morasch v. Immigration & Naturalization Serv.*, 363 F.2d 30 (9th Cir.1966) (same); *Quilodran–Brau v. Holland*, 232 F.2d 183 (3d Cir.1956) (same); *United States* ex rel. *McKenzie v. Savoretti*, 200 F.2d 546, 548 (5th Cir.1952) (same); *Tillinghast v. Edmead*, 31 F.2d 81 (1st Cir.1929) (same).

The suspension merely reflects "the extent to which [petitioner's] sentence was ultimately executed." *Id.* Accordingly, petitioner's case does not fit within the petty offense exception.

The result reached here finds further support in 8 U.S.C. § 1101(a)(48), which provides the definition of "conviction" for purposes of the Immigration and Nationality Act. This definition provides, in relevant part, that

> [a]ny reference to a term of imprisonment of a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.*

8 U.S.C. § 1101(a)(48)(B) (emphasis added). It is clear, therefore, that the suspension of nine months of petitioner's sentence is irrelevant for the purpose of determining petitioner's term of imprisonment.

While there is no circuit authority squarely addressing the question presented here, one decision seems to reach, without discussion, an essentially similar conclusion, albeit in a different context. In *Ramtulla v. Ashcroft,* 301 F.3d 202, 203 (4th Cir.2002), a Fourth Circuit panel noted with reference to the definition in 8 U.S.C. § 1101(a)(48)(B) that an alien's sentence to two years imprisonment for a theft or burglary offense, all of which was suspended, constituted a sentence to a term of imprisonment "of at least one year," making it an aggravated felony for purposes of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(a)(43)(G). In other words, under the INA, the length of a sentence to a term of imprisonment includes any suspended portions of it.

In summary, petitioner's petit larceny conviction precludes him from meeting the requisite "good moral character" standard for naturalization and thus disqualifies him (until at least January 2007) from attaining American citizenship. Nor does he qualify for the petty offense exception to this rule because his eleven month sentence of imprisonment with nine months suspended is "in excess of 6 months (regardless of the extent to which the sentence was ultimately executed)." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). For the reasons stated, petitioner's application for naturalization was thus correctly denied because he currently does not meet the good moral character requirement for naturalization pursuant to 8 U.S.C. § 1427(a). Thus, respondent's alternative motion for summary judgment must be granted.

An appropriate order will issue.