**Eddie Padilla ORIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–73707.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Feb. 14, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gary G. Singh, Esq., Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

District Director, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel Smith, Jennifer Paisner, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Eddie Padilla Oria seeks judicial review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) ruling that Oria was inadmissible as an alien convicted of a crime involving moral turpitude (CIMT). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(I). We agree with the BIA and deny Oria's petition.

Notwithstanding the "petty offense" exception in § 1182(a)(2)(A)(ii), an alien who has committed more than one CIMT is inadmissible. *See* 8 U.S.C. § 1182(a)(2)(A)(i). In the inadmissibility context, the CIMTs are not subject to the "single scheme" limitation of the statute governing deportable aliens. *Compare* 8 U.S.C. § 1227(a)(2)(A)(ii) (rendering deportable an alien "who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct ...") *with* 8 U.S.C. § 1182(a)(2)(A)(i) and (ii) (addressing inadmissible aliens and lacking "single scheme" language). Thus, an alien may be inadmissible for committing two CIMTs, even if the crimes arose out of a single scheme of criminal misconduct.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Here, the IJ concluded, and the BIA agreed, that Oria's two 1987 theft convictions were CIMTs. The theft convictions are listed on a criminal history report certified by the Hawaii Criminal Justice Data Center, a report the IJ accepted as accurate. Such a report is admissible to establish convictions. 8 U.S.C. § 1229a(c)(3)(B-C); 8 C.F.R. § 1003.41(a)(5); *Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1195–97 (9th Cir.2006). We have held repeatedly that theft crimes, even petty ones, are CIMTs. *See United States v. Esparza–Ponce,* 193 F.3d 1133, 1136 (9th Cir.1999) (noting "every other circuit that has addressed the question in the context of the immigration laws has concluded that petty theft is a [CIMT]"); *see also In re Scarpulla,* 15 I. & N. Dec. 139, 140–41 (BIA 1974) ("It is well settled that theft or larceny, whether grand or petty, has always been held to involve moral turpitude.").

Oria contends the 1987 theft convictions may not be considered by the government, as those convictions were alleged as grounds of deportability in the 1991 proceedings. Because the 1991 proceedings were terminated and did not result in a deportation order, Oria reasons, the 1991 decision is res judicata such that the government is precluded from seeking to remove him for any pre–1991 conviction. We disagree.

Res judicata bars further litigation on a claim where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003). The defense of res judicata may be invoked in immigration proceedings. *Ramon–Sepulveda v. INS,* 824 F.2d 749, 750 (9th Cir.1987).

Here, res judicata does not apply because the present proceedings do not involve the same claim that was raised in the 1991 deportation proceedings. In the 1991 proceedings, the government alleged Oria was deportable due to various convictions—including the 1987 theft convictions—as an "alien who at any time after entry is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct" under former 8 U.S.C. § 1251(a)(2)(A)(ii). In contrast, the claim in the current proceedings is that the theft convictions render Oria inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i) as an arriving alien who committed two CIMTs such that the "petty offense" exception of 8 U.S.C. § 1182(a)(2)(A)(ii) does not apply. The inadmissibility claim could not have been brought in 1991 because Oria was not at that time an arriving alien. Also, the claims are different because the prior claim was subject to the "single scheme" limitation, whereas the current claim is not so limited. Therefore, res judicata does not apply to preclude the government's reliance on the 1987 theft convictions.

**DENIED.**