# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 25-5448

September Term, 2025

1:25-cv-02028-UNA

**Filed On:** April 24, 2026

Lynn McCracken,

      Appellant

    v.

State of Colorado, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins, Katsas, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered October 9, 2025, and November 6, 2025, be affirmed. The district court correctly denied appellant's motion for leave to file a proposed amended complaint on futility grounds because the proposed amended complaint did not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Couch v. Verizon Commc'ns Inc., 105 F.4th 425, 431 (D.C. Cir. 2024) (citations and internal marks omitted). Appellant raises no argument in her brief regarding the district court's dismissal of the complaint for failure to comply with Federal Rule of Civil Procedure 8(a) and thus has forfeited any challenge to that basis for dismissal. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Although appellant contends that the district court abused its discretion by dismissing without considering transfer under 28 U.S.C. § 1406(a) to cure improper venue, or under 28 U.S.C. § 1631

to cure want of jurisdiction, the district court did not base its decisions to dismiss or deny leave to amend on improper venue or lack of jurisdiction.  In any event, transfer would not cure the "substantive problems" with appellant's complaint and proposed amended complaint.  Naartex Consulting Corp. v. Watt, 722, 789 F.2d 779 (D.C. Cir. 1983).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk