At oral argument, defense counsel posited the following defense argument: When defendant applied for admission into the United States, he believed he was no longer married under the law because of the lapse of time since he last saw his wife. This claim is useful in showing that it is possible for a conviction of bigamy to prejudice a claimant in an immigration hearing. A conviction for bigamy would confirm he misrepresented himself as married to an American citizen when he applied for citizenship, if at that time he knew he was married to another woman. A bigamy conviction would be proof of his misrepresentation. Indeed, the trial court admitted that the fifth allegation enumerated in the INS notice states that the Defendant was convicted in the Parma Municipal Court on June 16, 1999. Since this conviction is enumerated in the INS notice, it must be presumed to be a basis, at least in part, for his deportation hearing.
The trial court observed, however, that the criminal conviction is immaterial because INS need only to show that the Defendant was already married to one woman when he married Brenda Cvekic, and that was done knowingly to enable him to fraudulently enter the United States. What the court ignores is that INS does not have to make such a showing if his conviction is unchanged.
If Cvekic were allowed, however, to withdraw his plea, he could then be able to raise the defense that he lacked intent.[1] He could, for example, claim that his second marriage was made in the mistaken belief that his first marriage had been legally terminated. Cvekic's bigamy plea, however, constitutes an admission of the elements of the crime, including intent, which is a necessary element of the crime. The majority errs, therefore, in stating that the effect of the trial court, in not issuing the mandatory advisement, was not prejudicial regarding possible deportation specifically due to the appellant's conviction for bigamy. This lack of the mandatory advisement by the lower court could very well be the determining factor in Cvekic's deportation.
The case of Forbes v. Brownell (1957), 149 F. Supp. 848, illustrates this very point. In Forbes an alien was originally denied admission into the United States because he pled to the crime of bigamy. On the appeal, the court reversed because plaintiff had testified that he believed his marriage had been terminated by his wife, and in Canada the crime of bigamy does not inherently involve moral turpitude. In the case at bar, however, a defense before the INS would not be possible because intent is an element of the crime to which he pled.
Clearly, Cvekic was prejudiced by the court's failure to advise him that he could be deported.
[1] 8 U.S.C. § 1182, Excludable aliens, states in pertinent part, that an alien is inadmissible if he by fraud or willfully misrepresenting a material fact, seeks to procure * * * admission into the United States * * *. 8 U.S.C. § 1182(a)(6)(C).